GREAT LAKES BROADCASTING CO. v. FEDERAL RADIO COMMISSION. VOLIVA v. SAME. AGRICULTURAL BROADCASTING CO. v. SAME.

Court of Appeals of District of Columbia.

Argued October 10, 1929. Decided January 6, 1930.

Rehearing Denied February 8, 1930.

(Nos. 4900–4902.)

Spencer Gordon, of Washington, D. C., Walter M. Provine, of Springfield, Ill., and John E. Wing, of Chicago, Ill., for appellant Great Lakes Broadcasting Co.

John W. Guider, of Washington, D. C., for appellant Voliva.

Frank D. Scott, of Washington, D. C., and Harry Eugene Kelly, of Chicago, Ill., for appellant Agricultural Broadcasting Co.

Louis G. Caldwell, Bethuel M. Webster, Jr., Paul M. Segal, and Ralph L. Walker, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. Appeals from orders of the Federal Radio Commission denying the applications of appellants for certain modifications of their respective broadcasting licenses. The applications in question represent competitive claims of the three appellant broadcasting stations for operating time on the same broadcasting channel.

The first station in question is WENR, located in Chicago, and owned and operated by appellant the Great Lakes Broadcasting Company. The company is owned and managed by an association of public utility corporations, and has been operating under successive federal licenses since 1925. The station was organized and has been conducted as a general service public station for broadcasting good music, entertainment of various kinds, educational features, and news. It ranks in point of material equipment with the foremost stations in the country. In August, 1928, with the permission of the Feder-

al Radio Commission, it procured a new transmitter capable of employing 50,000 watts power. The cost of the station exceeded $450,000. Its programs have been uniformly excellent and popular, and in recent years it has expended more than $300,000 a year in operation. Prior to November 11, 1928, the station was operated on a frequency of 1,040 kilocycles. This was not a cleared channel, but was employed by various other stations using medium or low power; that is to say, power not exceeding 1,000 watts. The station then employed a power of 5,000 watts in the daytime and 500 watts in the evening, with a limited right to use 50,000 watts after midnight. The station was operated full time each day.

The second station is WCBD, which is owned and operated by Wilbur Glenn Voliva. It is located at Zion, a city with a population of about 6,000, located 40 miles north of the business center of Chicago. It has operated under license since 1924. The station is operated in the interest of the religious denomination upon which the city of Zion is founded, and its programs are based upon the religious exercises in the Zion Temple, and include the sermons of the leader of the sect. The choir of the church furnishes the music broadcast by the station. The investment and expenses of WCBD are not so great as those of the other stations, but the programs are of a high character, and are popular with a large class of people, regardless of religious affiliations.

The third station is WLS, owned and operated by the Agricultural Broadcasting Company, a corporation located in Chicago. This station was established by federal license in the year 1924, by Sears-Roebuck & Company, a large mail order concern with headquarters at Chicago. In November, 1928, the station was taken over by the present owner, with the consent of the Federal Radio Commission. The capital stock of the corporation is owned in part by the Prairie-Farmer Publishing Company, and in part by Sears-Roebuck & Company. Prior to November 11, 1928, WLS operated upon a frequency of 870 kilocycles, by use of a transmitter having a capacity of 5,000 watts. This channel was a cleared channel, and the operating time upon it was shared by WLS and WCBD, in the proportion roughly of five-sevenths time to WLS and two-sevenths time to WCBD. The programs broadcast by WLS were of high character and general interest. They were of especial importance to farmers and stockmen. The station continuously sent out valuable reports upon agricultural and allied subjects, which were of service to a large class of listeners. The station has an efficient equipment.

It appears accordingly that prior to November 11, 1928, the three stations in question were entitled to broadcast as follows, to wit: WENR operating full time day and night on a frequency of 1,040 kilocycles; and WLS and WCBD sharing time on a frequency of 870 kilocycles, in the proportion of five-sevenths time for WLS and two-sevenths for WCBD.

On November 11, 1928, a general reallocation of radio stations as to frequencies and time of operation went into effect by order of the Federal Radio Commission. Under this reallocation WLS was again given five-sevenths time of operation on the same frequency as before; while WCBD was removed from that frequency to a frequency of 1,080 kilocycles, which it was to share equally with station WMBI, for daytime operation only; and WENR was assigned to the place theretofore given to WCBD upon the same channel as WLS, with the right to operate for two-sevenths time only.

Thereupon each of the three stations applied to the Commission for a modification of its assignment. WENR applied for one-half instead of two-sevenths of the operating time on the channel which it was to share with WLS. The latter station applied for the full operating time upon the same channel instead of only five-sevenths as provided by the assignment. And WCBD applied to be reinstated with two-sevenths operating time upon its former channel.

These applications were heard by four of the five members of the Commission; the fifth member declining to sit in the case. The four acting members unanimously decided against the application of WLS for the entire operating time upon the channel in question. Two of the four voted for, and two against, the application of WENR for equal time with WLS upon the channel. Two voted in favor of restoring WCBD to its former frequency, but limiting it to one-seventh time only, and of transferring WENR to a frequency of 1,480 kilocycles; and two members voted against these proposals. Accordingly none of the applications received a majority vote of the Commissioners, and therefore each was denied.

The three applicants then appealed severally to this court under section 16 of the Radio Act of 1927, 44 Stat. 1162 (47 USCA

§ 96). It is provided by that section that upon such an appeal "the court shall hear, review, and determine the appeal upon said record and evidence, and may alter or revise the decision appealed from and enter such judgment as to it may seem just."

The controversy before us therefore relates to the disposition made by the Commission of the operating time on the channel of 870 kilocycles, and requires us to decide whether such operating time should be granted exclusively to WLS, or divided between WLS and WENR either equally or in proportions of five-sevenths to WLS and two-sevenths to WENR, or whether the entire operating time should be divided among the three stations in certain proportions yet to be determined.

It is our opinion that WCBD's application was rightly denied. This conclusion is based upon the comparatively limited public service rendered by the station, and the fact that its present assignment is not unreasonable. Moreover, the full operating time of the channel in question is not more than sufficient to serve the requirements of WLS and WENR, both of which, so far as the present record discloses, must continue to operate upon it.

We are of the opinion also that the operating time upon this channel should be shared equally by WLS and WENR. We base this opinion upon a consideration of the excellent service heretofore rendered to the public by WENR, and its capacity for increased service; also its large expenditures for meritorious programs for public instruction and entertainment, and the popularity of the station; also its ability by means of its 50,000 watt transmitter to cover a large area; and the assured financial responsibility behind it. It is manifest also that an allowance of only two-sevenths time for broadcasting is totally inadequate for the economical operation of such a station. Under these circumstances, it is contrary to justice, and against public convenience, interest, and necessity, to apportion the operating time in the proportion of two-sevenths to WENR and five-sevenths to WLS.

It is true that WLS began broadcasting some time earlier than WENR, and that it was the first to be assigned to the channel in question. These facts, however, are not controlling, for neither station has any fixed right in the frequency as against the reasonable regulatory power of the United States. Nor is this a case where a newcomer seeks to appropriate the existing privileges of an established station. The Commission found itself constrained by existing conditions to assign the two stations to the same channel, and the operating time should be divided justly between them. We are convinced, furthermore, that the farming community will not be prejudiced by such a division, inasmuch as WENR likewise broadcasts agricultural news as part of its program, and WLS will continue to broadcast for one-half of the time.

Various exceptions were taken to rulings of the Commission in matters of practice during its hearings, but, in our opinion, they are not of substantial merit.

We therefore affirm the decision of the Commission in so far as it denied the application of WLS for full-time operation on the assigned channel, and also in so far as it denied the application of WCBD for operating time whether one-seventh or two-sevenths thereon; and reverse the Commission's decision in so far as it denied WENR's application for an equal division of operating time with WLS, which we hold should have been granted; and the cause is remanded to the Federal Radio Commission to carry this decision and judgment into effect. Each appellant to pay its own costs.